# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| DERRICK A. ARMSTRONG, | : | |
| Petitioner, | : | Case No. 3:10cv00275 |
| vs. | : | District Judge Thomas M. Rose<br>Magistrate Judge Sharon L. Ovington |
| KAREN HOGSTEN, Warden,<br>FCI Manchester, KY, | : | |
| and | : | |
| | : | |
| MATHIAS H. HECK, JR,<br>Montgomery County Prosecutor, | : | |
| Respondents. | : | |

# REPORT AND RECOMMENDATIONS

## I.     Introduction

Derrick A. Armstrong is an inmate at the Federal Correctional Institution in Manchester, Kentucky due to his three criminal convictions entered by this Court:  (1) possession with intent to distribute cocaine, cocaine base, and marijuana; (2) possession of a firearm during and in relation to a drug trafficking crime; and (3) felon in possession of a firearm.  *USA v. Armstrong*, 3:03cr00126 (Doc. #39 at 286).  Armstrong's current release date from federal prison is September 22, 2017.  *See* http://www.bop.gov (inmate finder search).

Armstrong's penal troubles may not end then because he faces the likelihood, if not certainty, of re-incarceration in state custody due to a detainer issued by the Montgomery County, Ohio Prosecutor's office. (More on this later.) He therefore brings the present case *pro se* claiming that the State of Ohio's detainer violates his rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. (3:10cv00275, Doc. #1 at 10).[1]

## II. Additional Background

### A. Armstrong's Convictions and Sentences

In February 2003 Armstrong was arrested in Montgomery County, Ohio when a warrant-based search of his home led police to find "drugs and a firearm." (Doc. #1 at 12). Armstrong acknowledges that he pled no contests to the resulting charges "and was found guilty by the Court."[2] *Id*.; *see State of Ohio v. Derrick A. Armstrong*, Case No. 2003 CR 00609/1 (available at http://www.clerk.co.montgomery.oh.us). He was thus convicted of three state crimes: two counts of possession of cocaine, other than crack cocaine (25 grams but less than 100 grams), and one count of having a weapon while under a disability. *Id*. Before sentencing, however, the trial judge provided the parties time to litigate the constitutional validity of the search warrant that led to Armstrong's

---

[1] The citations herein to specific pages in documents of record refer to the page numbers assigned by the Court's case management electronic case filing system.

[2] Public records maintained by the Montgomery County, Ohio Clerk of Courts confirm the accuracy of Armstrong's description of his state court proceedings

arrest.

Before the parties fully litigated the validity of the search warrant, and before sentencing, Armstrong was again arrested. He "was charged with various drug and weapons related offenses ... [and] was thereafter lodged in the Montgomery Co. Jail. On September 19, 2003, the next day, the state charges were dismissed..." (Doc. #1 at 12).

Despite the dismissal, all was not well with Armstrong. He remained in jail because federal authorities had initiated criminal proceedings against him in this Court. Those proceedings eventually led – in October 2004 – to Armstrong's three federal convictions, listed previously, and to his present federal incarceration in the Manchester Federal Correctional Institution (Manchester FCI).

Meanwhile back in state court – in April 2004 – the judge had already sentenced Armstrong as follows:

> "The defendant herein having been convicted of the offenses of Count 3, POSSESSION OF COCAINE ... and Count 4, HAVING WEAPONS WHILE UNDER A DISABILITY (prior drug use) .. was brought before this Court;
>
> WHEREFORE, it is the JUDGMENT and SENTENCE of the Court that the defendant herein be delivered to the CORRECTIONAL RECEPTION CENTER there to be imprisoned and confined for a MANDATORY term of FIVE (5) years on Count I and a term of TEN (10) months on Count 2, <u>to be served CONCURRENTLY with each other</u>...."

(Doc. #1 at 54)(capitalization in original; underline added).

Armstrong alleges in the present case: "[A]t the time of his sentencing, the State Court did not oppose and did state in open Court that the state's sentence should run

3

concurrent with the yet-to-be-imposed Federal sentence...." (Doc. #1 at 14).

### B. The Detainer Armstrong Challenges

In April 2006 an assistant prosecutor with the Montgomery County, Ohio Prosecutor's office wrote to a prison official at Manchester FCI stating, "[Armstrong's] sentence was neither consecutive nor concurrent with his federal sentence. Therefore, please place our detainer and keep our detainer on file until April 22, 2009." (Doc. #1 at 24). For the next several years, the detainer apparently remained on file as requested. Then, in May 2009, a federal prison official checked on the detainer's status in a letter to the Montgomery County prosecutor's office asking "if [Armstrong's] state sentence has been completed and whether or not the detainer should remain on file for your office." (Doc. #1 at 25). In response, an assistant prosecutor wrote:

> "[D]ue to the prosecution of his federal charges, Mr. Armstrong was never transported to the Correctional Reception Center in Columbus, Ohio after being sentenced in the Montgomery County case. Therefore, the Ohio Bureau of Sentence Computation has no record of this conviction and has, to date, given him no credit for any concurrent jail time served.
>
> Therefore, please continue our detainer on this inmate and notify us when he is available to begin serving his Montgomery County sentence."

*Id*. at 26.

Armstrong, however, still believed that his state sentence was imposed concurrent to his federal sentence. He therefore filed a Motion To Correct Judgment in the Montgomery Count Court of Common Pleas. (Doc. #1 at 57-62).

On August 3, 2009, the same Common Pleas Court Judge who had imposed

4

Armstrong's state sentence filed an Amended Termination Entry adding the following paragraph:

> "THIS COURT MAKES NO DETERMINATION REGARDING WHETHER THIS SENTENCE WILL BE CONSECUTIVE OR CONCURRENT TO ANY FEDERAL SENTENCE SINCE DEFENDANT HAD NOT BEEN SENTENCED IN FEDERAL COURT WHEN THIS SENTENCE WAS IMPOSED."

(Doc. #1 at 63)(capitalization in original).

## IV. Armstrong's Claims

Armstrong's Petition in the present case raises two claims:

Ground One: DENIAL OF CONSTITUTIONAL RIGHT(s) TO DUE PROCESS UNDER THE V AND XIV AMENDMENT[S] TO THE U.S. CONSTITUTION

Supporting facts: The detainer filed by the State of Ohio poses an unconstitutional restraint on petitioner's liberty that violates his substantive and/or procedural rights to due process by (1) delaying the expiration of the Montgomery County sentence (2) depriving him of early release eligibility – while incarcerated in federal prison and (3) unconstitutionally lengthening the duration of his federal confinement. In addition the detainer prevents petitioner from being released at the expiration of his federal term.

Ground Two: DENIAL OF CONSTITUTIONAL RIGHT(s) TO DUE PROCESS UNDER THE V AND XIV AMENDMENT[S] TO THE U.S. CONSTITUTION

Supporting Facts: The Bureau of Prison's decision to deny an Administrative transfer, to the correctional reception center (C.R.C.) in Columbus, Ohio, for prompt calculation of petitioner's concurrent sentence, is an abuse of discretion under 18 USC 3624(4) which authorized BOP to (1) consider the concurrent sentencing order of the District Court, and (2) to make any necessary transfer pursuant to BOP Policy statement 5100.08 'at any time.' 18 USC 3621.

(Doc. #1 at 5)(capitalization in original).

**V.     Discussion**

Armstrong seeks a writ of habeas corpus under 28 U.S.C. §2241 "to compel administrative transfer or expungement of the detainer as well as any other relief that the Court deems both fair and necessary." (Doc. #1 at 22). At this preliminary stage of his case, Armstrong's Petition must therefore be reviewed *sua sponte* as mandated by Rule 4 of the Rules Governing §2254 Cases – which likewise applies in this §2241 case. *See* Rules 1(a)(2), 1(b) and 4 of the Rules Governing Section 2254 case, 28 U.S.C. § 2254, foll.

Rule 4 requires the Court to promptly examine each habeas corpus petition, and any attached exhibits, and to dismiss the action if it plainly appears the petitioner is not entitled to relief. *See, e.g., Clark v. Waller*, 490 F.3d 551 (6th Cir. 2007)(affirming district court's *sua sponte* dismissal of habeas petition). When *sua sponte* dismissal is unwarranted, the Court "must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." Rule 4, Rules Governing §2254 Cases, 28 U.S.C. §2254, foll.

To obtain the habeas corpus relief, Armstrong must establish that the State of Ohio's detainer violates his rights under the United States Constitution. *See* 28 U.S.C. §2241(c). He cannot do so, however, as his federal constitutional claims plainly lack merit for several reasons.

First, the state detainer at issue does not violate Armstrong's rights under the Fifth or Fourteenth Amendment because "a determination as to the concurrence of sentence made by one sovereign does not bind the other.  A prisoner may not, by agreeing with state authorities to make his sentence concurrent with a federal sentence, compel the federal government to grant a concurrent sentence." *Jake v. Herschberger, Warden*, 173 F.3d 1059, 1065 (7th Cir. 1999).  It flows from this recognition of sovereignty that the Constitution does not require the State of Ohio to impose its sentence concurrent to Armstrong's current and ongoing federal sentence.  *See id*. (and cased cited therein).  Indeed, assuming as true Armstrong's allegation that the state sentencing judge promised or intended his state sentence to run concurrent with his not-yet-imposed federal sentence, Armstrong's desire to obtain federal enforcement of the state judge's promise or intention to impose concurrent state/federal sentences finds no constitutional support.  Rejecting a similar due-process claim, the United States Court of Appeals for the Sixth Circuit has reasoned:  "Defendant's argument ignores the fact that two distinct sovereigns were prosecuting him for violations of their respective laws; neither sovereign controlled the other's proceedings.  State courts simply lack the authority to order that a not-yet-imposed federal sentence be served concurrently with a state sentence; any language to the contrary in the state court order at issue in this case is without legal effect." *United States v. Pargen*, 1996 WL 636193 at \*7 (6th Cir. 1996) (citing *Del Guzzi v. United States*, 980 F.2d 1269, 1270 (9th Cir. 1992); *United States v. Smith*, 972 F.2d 243, 244 (8th Cir. 1992); *Hawley v. United States*, 898 F.2d 1513, 1513 (11th Cir. 1990); *Pinaud v. James*,

851 F.2d 27, 30 (2nd Cir. 1988)).

Next, Armstrong's allegation concerning what the sentencing judge promised in state court – concurrently running state and federal sentences – is refuted by the state sentencing judge's Entry and Amended Entry. Armstrong either misunderstands or overlooks that the original state sentencing Entry imposed concurrent state sentences. (Doc. #1 at 54)( "term of FIVE (5) years on Count I and a term of TEN (10) months on Count to be served CONCURRENTLY with each other....")(capitalization in original; underline added). The original state sentencing Entry was silent as to the trial judge's intent or promise to impose concurrent state and federal sentences. *See id.* And, perhaps most fatal to Armstrong's claim, the state sentencing judge later amended the Entry by adding a paragraph stating that he made no determination regarding whether Armstrong's state sentence would run concurrent with any federal sentence. *See* Doc. #1 at 63 (quoted above, §II(B)).

Turning to Armstrong's remaining constitutional claims, he focuses first on the Bureau of Prison's refusal to administratively transfer him to the Correctional Reception Center in Columbus, Ohio for prompt calculation of his concurrent sentence. Because this claim rests on Armstrong's plainly meritless constitutional challenge to the state detainer, this claim is likewise plainly meritless. Viewed another way, the validity of the state's detainer permits the Bureau of Prison to wait until the expiration of Armstrong's present federal incarceration before transferring him to state custody for calculation and/or imposition of his state sentence.

Armstrong further contends that the Bureau of Prisons has violated his constitutional rights by relying on the invalid state detainer to find him ineligible for placement in a drug rehabilitation program. Again, because Armstrong's constitutional challenges to the state detainer plainly lack merit, the Bureau of Prison's decision based on the state detainer presents no constitutional issue. Even assuming that the state detainer prevents Armstrong from participating in the drug rehabilitation program – thus depriving him of a chance to earn a reduced sentence and early release – this does not present a constitutional violation. Armstrong does not have a liberty interest protected by the Due Process Clause to early release from federal custody or to a reduced federal sentence. *See Lopez v. Davis*, 531 U.S. 230, 239-41, 121 S.Ct. 714, 148 L.Ed.2d 635 (2001); *see also Moody v. Daggett*, 429 U.S. 78, 88 (n.9), 97 S.Ct. 274, 50 L.Ed.2d 236 (1976) (Due Process Clause not implicated by prisoner's ineligibility for rehabilitation programs due to existence of a pending warrant or detainer); *Sesi v. United States Bureau of Prisons*, 2000 WL 1827950 (6th Cir. 2000).

Armstrong alternatively seeks a writ of mandamus under 28 U.S.C. §1361. Such drastic relief is unwarranted when his federal constitutional claims plainly lack merit. *In re American President Lines, Ltd.,* 929 F.2d 226, 227 (6th Cir. 1991) ("The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations where the petitioner can show a clear and indisputable right to the relief sought.").

Lastly, Armstrong has filed a Motion to Expand seeking to include in the record of this case a CD-ROM that contains a recording of his state sentencing hearing in 2004.

(Doc. #2). Such evidence is unneeded or redundant. The conclusion that Armstrong's Petition plainly lacks merit is based in key part on Armstrong's assertion – accepted above as true – that the state sentencing judge stated or promised that Armstrong's state and federal sentences would run concurrently. Since the truth or accuracy of the information Armstrong seeks to add to the record does not support his constitutional claims, his Motion to Expand the Record lacks merit.

## IT IS THEREFORE RECOMMENDED THAT:

1. Derrick A. Armstrong's Petition For a Writ of Habeas Corpus, or alternatively, For a Writ of Mandamus (Doc. #1) be DENIED;

2. Petitioner's Motion to Expand the Record (Doc. #2) be DENIED; and

3. The case be terminated on the record of this Court.

September 9, 2010

                                                    s/Sharon L. Ovington
                                                      Sharon L. Ovington
                                        United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).