# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| DERRICK A. ARMSTRONG, | : | |
| Petitioner, | : | |
| vs. | : | |
| | | Case No. 3:10cv00275 |
| KAREN HODGSTEN, Warden, | : | |
| FCI Manchester, KY, | | District Judge Thomas M. Rose |
| | : | Magistrate Judge Sharon L. Ovington |
| and | | |
| | : | |
| MATHIAS H. HECK, JR., | | |
| Montgomery County Prosecutor, | : | |
| Respondents. | : | |

# REPORT AND RECOMMENDATIONS[1]

Petitioner has filed a Notice of Appeal concerning the Court's Order denying his Petition for Writ of Habeas Corpus. (Doc. #s 1, 3, 6, 8). The case is presently before the Court upon Petitioner's Motion for Leave to Appeal in Forma Pauperis. (Doc. #10).

Petitioner may not proceed in forma pauperis on appeal "if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. §1915(a)(3). The test under 28 U.S.C. §1915(a) for whether an appeal is taken in good faith is whether the litigant seeks

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

appellate review of any non-frivolous issue.  *Coppedge v. United States*, 360 U.S. 438 (1962).  Thus an appellant's good-faith subjective motivation for appealing is not relevant.  The issue instead is whether, objectively speaking, there is any non-frivolous issue to be litigated on appeal.

Upon review of Petitioner's Motion and the record as a whole, Petitioner's appeal is not taken in good faith.  For the reasons set forth in the prior Order and Entry, and Report and Recommendations, and objectively speaking, the record does not present a non-frivolous issue for Petitioner to litigate on appeal.  *See* Doc. #s 3, 6.

This case is also before the Court upon Petitioner's Application for Certificate of Appealability Pursuant to 28 U.S.C. §2253.  (Doc. #12).  A certificate of appealability issues "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. §2253(c)(2).  "Under the controlling standard, a petitioner must 'show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)(quoting in part *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The reasons previously discussed in this case for rejecting Petitioner's claims, *see* Doc. #s 3, 6, reveal that reasonable jurists could not debate (or agree) that his Petition for Writ of Habeas Corpus should have been granted or that the issues he raised were adequate to deserve encouragement to proceed further.  *See Miller-El*, 537 U.S. at 336.  Petitioner's Application therefore lacks merit.

## IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's Motion for Leave to Appeal in Forma Pauperis (Doc. #10) be DENIED;

2. Petitioner's Application for Certificate of Appealability Pursuant to 28 U.S.C. §2253 (Doc. #12) be DENIED. In the event this Report is adopted, Petitioner will remain free to seek a certificate of appealability in the United States Court of Appeals for the Sixth Circuit, *see Sims v. United States*, 244 F.3d 509 (6th Cir. 2001); and

3. The case remain terminated on the docket of this Court.

December 30, 2010

                                              s/ Sharon L. Ovington
                                                Sharon L. Ovington
                                        United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).