# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DERRICK A. ARMSTRONG,

          Petitioner,

Case No. 3:10-cv-275

-vs-

District Judge Thomas M. Rose

KAREN F. HOGSTEN, Warden,
et al.,

          Respondent.

## ENTRY AND ORDER

This matter comes before the Court pursuant to a remand from the Sixth Circuit Court of Appeals to clarify whether this Court imposed Petitioner's Federal sentences in 3:03-CR-126 concurrently or consecutively to Petitioner's State sentences being served at the time of said disposition.

Although Petitioner's original sentencing judgment or his subsequent sentencing orders do not mention his State sentences, Petitioner asserts that this Court did impose his Federal sentences concurrent to State sentences being served by Petitioner at that time. The Court of Appeals citing the Court's sentencing transcript found that the record arguably supports the Petitioner's assertion and remanded this case back to this Court to clarify this issue.

The Court has reviewed the transcript of Petitioner's original sentencing hearing and finds that this Court did order the Petitioner's sentence of 216 months "be run concurrent to any other sentence that he may be presently serving." (Trans. 22 lines 4-7) The Court in said hearing also responded to defense counsel's question "I wasn't sure if I caught what the Court said with respect to the State

sentence" (Trans. 23, lines 22-23) by "I said the Court would order that it be run with any other sentence that the Defendant is now serving" (Trans. P. 23, line 25, P. 24, line 1). The Court has further reviewed the notes taken by the courtroom deputy which confirms the concurrent sentence reflected in the transcript.

The Petitioner's original sentencing entry as well as his two subsequent Orders of Sentence Reduction pursuant to 18 U.S.C. 3582(c)(2), did not reflect this concurrency between the Federal and State sentences.

The Court ORDERS that Petitioner's original sentencing entry and his two subsequent orders of sentence reduction, pursuant to 18 U.S.C. 3582 (c)(2) be amended to reflect that his Federal sentences were to run concurrently with any State sentence he was serving at the time of his original disposition.

Petitioner's final sentence of imprisonment in 3:03-cr-126 is ORDERED to reflect a sentence of 120 months on Count I, 60 months on Count II and 120 months on Count III. Counts I and III to run concurrent to each other and consecutive to Count II for a total sentence of incarceration of 180 months. Said sentence to be served concurrent to any State sentence of incarceration being served at the time of original sentence, October 8, 2004.

IT IS SO ORDERED.

THOMAS M. ROSE
DISTRICT COURT JUDGE